CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

DEC 15 2006

JOHN F. CORCORAN, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| STEVEN FRANKLIN RIGGS, II<br>　　Movant,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br>　　Respondent | Civil Action No. 7:06-cv-00439<br><br>**MEMORANDUM OPINION**<br><br>By: Hon. James C. Turk<br>Senior United States District Court Judge |

The Movant, Steven Franklin Riggs, II, is presently incarcerated at the Beckley Federal Correctional Facility, located in Beaver, West Virginia. He has filed a motion pursuant to 28 U.S.C. § 2255 seeking to collaterally attack the sentence imposed upon him after his term of supervised release was revoked. The United States has responded to the motion, making the matter ripe for decision.

Having considered the Movant's claim together with the briefs of both parties, this court concludes that the § 2255 motion must be denied.

I.

In 1999, the Movant was charged in two separate indictments with crimes involving firearms. On May 24, 1999 he pled guilty to the first count of the indictment in case number 2:99CR10004-001, charging him with being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1), and the first count of the indictment in case number 2:99CR10004-001, also charging him with a § 922(g)(1) violation. On August 26 he received a sentence that included two concurrent fifty-seven month terms of imprisonment and two concurrent three-year terms of

supervised release. The court revoked the Movant's supervised release on November 6, 2003 and sentenced him to two nine-month terms of imprisonment—one term for each count—to be served consecutively. The court also imposed an additional twenty-seven months of supervised release. The court again revoked the Movant's supervised release on July 15, 2005, this time sentencing the Movant to two consecutive fifteen-month terms of imprisonment—again imposing one term for each count. The court imposed no additional term of supervised release.

Altogether, the Movant has been sentenced to a total of forty-eight months of imprisonment for his supervised release violations. He seeks to have his sentence reduced by twelve months, claiming that the length of his combined revocation sentences cannot lawfully exceed thirty-six months. The Movant did not appeal any of the orders issued in either of his cases; he brings this motion to present his claim to this court for the first time.[1]

---

[1] Generally a § 2255 collateral attack "will not be allowed to do service for an appeal." Reed v. Farley, 512 U.S. 339, 354 (1994).
> In order to collaterally attack a conviction or sentence based upon errors that could have been but were not pursued on direct appeal, the movant must show cause and actual prejudice resulting from the errors of which he complains or he must demonstrate that a miscarriage of justice would result from the refusal of the court to entertain the collateral attack.

United States v. Mikalajunas, 186 F.3d 490, 492–93 (4th Cir. 1999). However, in habeas corpus and § 2255 cases, "the issue of procedural default generally is an affirmative defense that the [government] must plead in order to press the defense thereafter." Yeatts v. Angelone, 166 F.3d 255, 260–61 (4th Cir. 1999) (recognizing that procedural default is an affirmative defense in the habeas corpus context); Reed v. Farley, 512 U.S. 339, 354–55 (1994) ("[C]ollateral review of procedurally defaulted claims is subject to the same 'cause and actual prejudice' standard, whether the claim is brought by a state prisoner under § 2254 or a federal prisoner under § 2255." (citing United States v. Frady, 456 U.S. 152, 167–168 (1982))); Howard v. United States, 374 F.3d 1068, 1073 (11th Cir. 2004) (holding that procedural default is an affirmative defense in § 2255 cases). The United States has waived the defense of procedural default by failing to assert it. See Hudson v. Hunt, 235 F.3d 892, 895 n.1 (4th Cir. 2000).

## II.

Upon a revocation of a defendant's term of supervised release, the district court may "require the defendant to serve in prison all or part of the term of supervised release authorized by the statute for the offense that resulted in such term of supervised release . . . except that [such] defendant . . . may not be required to serve . . . more than 2 years in prison if such offense is a class C or D felony . . . ." 18 U.S.C. § 3582(e)(3) (2000). The § 922(g)(1) offenses to which the Movant pled guilty were C felonies, 18 U.S.C. § 3559(a)(3) (2000); United States v. Douglas, 88 F.3d 533, 534 (8th Cir. 1996), and so the court had authority to impose a sentence of up to two years—twenty four months—on each count. Furthermore, 18 U.S.C. "'§ 3583 allows the District Court to impose consecutive rather than concurrent sentences upon revocation of concurrent terms of supervised release.'" United States v. Johnson, 138 F.3d 115, 119 (4th Cir. 1998) (quoting United States v. Cotroneo, 89 F.3d 510, 513 (8th Cir. 1996)). The court did so, imposing consecutive prison sentences each time that it revoked the Movant's concurrent supervised release terms.

In imposing sentence after revoking the Movant's supervised release for the second time, the court acted consistently with the view that "all revocation prison sentences relating to the same class C or D felony offense should be aggregated in calculating the two-year maximum." United States v. Merced, 263 F.3d 34, 37 (2d Cir. 2001). On each count, the court sentenced the Movant to nine months of imprisonment after the first revocation, and fifteen months of imprisonment after the second. The aggregate total of both sentences amounts to twenty-four months—two years—on each count. The sentences were thus consistent with 18 U.S.C. §

Case 7:06-cv-00439-JCT-mfu   Document 8   Filed 12/15/06   Page 3 of 4   Pageid#: 35

3582(e)(3), and the court's decision to require the Movant to serve them consecutively was proper pursuant to § 3583. The sentence was therefore lawful.

Because the Movant's claim for relief is without merit, his motion will be denied.


**ENTER:** This  /5  day of December, 2006.

                                                  SENIOR UNITED STATES DISTRICT JUDGE